[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case comes before the court post-judgment upon the defendant Barberino Realty and Development Corporation's motion that the court make a special finding, pursuant to General Statutes § 52-226a, that the plaintiff Thomas J. Walczyk's claim for adverse possession was without merit and not brought in good faith.
General Statutes § 52-226a provides as follows:
 In any civil action tried to a jury, after the return of a verdict and before judgment has been rendered thereon, or in any civil action tried to the court, not more than fourteen days after judgment has been rendered, the prevailing party may file a written motion requesting the court to make a special finding to be incorporated in the judgment or made a part of the record, as the case may be, that the action or a defense to the action was without merit and not brought or asserted in good faith. Any such finding by the court shall be admissible in any subsequent action brought pursuant to subsection (a) of Section 52-568.
While there are no appellate decisions interpreting § 52-226a, in Fattibene v. Kealey, 18 Conn. App. 344, 360 (1989), the Appellate Court determined that a court has the inherent authority to order payment of fees when the losing party acted "in bad faith, vexatiously, wantonly or for oppressive reasons."Fattibene also involved a request for sanctions for misuse of the courts. The Appellate Court ruled that a finding of bad faith requires evidence that the challenged actions "are entirely CT Page 9523 without color and [taken] for reasons of harassment or delay or for other improper purposes." Id., 361. The Court noted that "[w]hether a claim is colorable, for purpose of the bad-faith exception, is a matter of whether a reasonable attorney would have concluded that facts supporting the claim might be established, not whether such facts had been established." Id., quoting Nemeroff v. Abelson, 620 F.2d 339, 348 (2d Cir. 1980).
It is obvious that the plaintiff, Thomas J. Walczyk's, motivation in bringing this lawsuit was, in part, to prevent Barberino Realty and Development Corporation from developing apartments on vacant land adjacent to residential properties to which Walczyk and his parents had record title. However, inSpellane v. Zelitch, Judicial District of New Haven, Docket No. CV 90-0296440 12 CONN. L. RPTR. 209 (July 25, 1994) the trial court, in ruling on a motion pursuant to § 52-226a, stated:
 "The plaintiffs motivation in bringing suit is not, however, the issue as to the imposition of sanctions. She produced testimony, which, though it was not very likely to be believed, would have established a claim if it had been believed, thereby rendering her claim "colorable" within the definition supplied in Fattibene.
Since her claim was "colorable" within that low standard, this court will not apply the sanction of entering the finding requested by the defendant, who remains free to pursue his claim of vexatious litigation."
The above rationale for denying the motion in Spellane v.Zelitch is just as applicable to the instant case. Although this court found the plaintiffs preferred evidence and testimony not credible, and therefore concluded his claim was groundless, the evidence produced by the plaintiff to prove adverse possession might have established a claim if it had been believed. Accordingly, the Motion for Special Finding Under § 52-226a
is denied.
KELLER, J.